Argued December 7; affirmed December 21, 1948

## WEITZEL v. WEITZEL
### 200 P. (2d) 604

*Harry G. Hoy,* of Portland, argued the cause for appellant. On the brief were Hoy & Prag, of Portland.

*William F. Bernard,* of Portland, argued the cause for respondent. With him on the brief were Collier & Bernard, of Portland.

Before ROSSMAN, Chief Justice, and BELT, BAILEY and BRAND, Justices.

BELT, J.

This is an appeal from an order denying a motion for modification of a decree awarding the custody of

minor children. Two daughters, Dianne and Vicki, were born as a result of the first marriage between the plaintiff and the defendant. These little girls are now, respectively, eight and six years of age. In 1944, the defendant obtained a decree of divorce from the plaintiff and was awarded custody of these children. On February 17, 1945, plaintiff and the defendant remarried. On December 28, 1945, plaintiff filed a suit in Multnomah county, Oregon, for divorce against his wife on the ground of cruel and inhuman treatment. To this complaint, defendant filed a cross-complaint based also on the charge of cruel and inhuman treatment, asking for a divorce and for the custody of the children. After hearing the cause on its merits, the court, on October 15, 1946, entered a decree in favor of the defendant dissolving the marriage and giving to her the custody of the little girls, allowing the father the right of reasonable visitation.

In August, 1947, the plaintiff filed his motion for modification of the decree as to the custody of the minor children. On denial of this motion, the plaintiff comes here on appeal.

The record fails to disclose any substantial evidence tending to show that since the original hearing in the divorce proceeding, there has been such a change of conditions affecting the welfare of these little girls as to justify a modification of the decree. At the time the divorce decree was entered, the defendant-mother was adjudicated to be a fit and proper person to care for her children. The evidence in the hearing for modification of the decree did not show that she was less capable, or that she was now morally unfit to have such responsibility. The law applicable under these circumstances has been so well settled by this court,

and in other jurisdictions, that citation of authorities is deemed unnecessary.

The trial court, who had the great advantage of seeing and hearing the witnesses, thus wisely spoke:

" * * * I don't see any grounds whatsoever to change the custody of these children. You haven't proved at any time that this lady is immoral, and the policy of the Court is to leave the minor child or children with the mother. It may be that the lady is ill or nervous or excitable. That is no reason for taking the children away from her. And the fact she doesn't get along with the neighbors is no reason to take the children away from her."

We concur. We see no merit in the appeal.

The order denying the motion for modification of the decree is affirmed. Defendant is entitled to costs and disbursements.